**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**---------------------------------------------------------------X**
**EDITH PIRINIA,** **Docket No.: 22-cv-4807**

**Plaintiff,**

**-against-**

**ANSWER**

**WESTCHESTER DENTAL, P.C.**
**DANIELA HIJAZIN, and EYAD HIJAZIN,**

**Defendants.**
**---------------------------------------------------------------X**

Defendants, Westchester Dental, P.C., Daniela Hijazin and Eyad Hijazin ("Defendants"), by and through their attorneys, Milman Labuda Law Group, PLLC, answer the First Amended Complaint ("Amended Complaint") of Plaintiff Edith Pirinea ("Plaintiff") as follows:

**PARTIES AND JURISDICTION**

1. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 1 of the Amended Complaint.

2. Defendants deny the truth of the allegations contained in ¶ 2 of the Amended Complaint.

3. Defendants admit the truth of the allegations contained in ¶ 3 of the Amended Complaint.

4. Defendants admit the truth of the allegations contained in ¶ 4 of the Amended Complaint.

5. The allegations contained in ¶ 5 of the Amended Complaint contain a legal conclusion; to the extent a response is required, Defendants deny.

6. The allegations contained in ¶ 6 of the Amended Complaint contain a legal conclusion; to the extent a response is required, Defendants deny.

7. The allegations contained in ¶ 7 of the Amended Complaint contain a legal conclusion; to the extent a response is required, Defendants deny.

**FRAUDULENT BILLING PRACTICES & PLAINTIFF'S TERMINATION**

8. Defendants deny the truth of the allegations contained in ¶ 8 of the Amended Complaint.

9. Defendants deny the truth of the allegations contained in ¶ 9 of the Amended Complaint.

10. Defendants deny the truth of the allegations contained in ¶ 12 of the Amended Complaint.

11. Defendants deny the truth of the allegations contained in ¶ 13 of the Amended Complaint.

12. Defendants deny the truth of the allegations contained in ¶ 14 of the Amended Complaint.

13. Defendants deny the truth of the allegations contained in ¶ 16 of the Amended AComplaint.

14. Defendants deny the truth of the allegations contained in ¶ 17 of the Amended Complaint.

15. Defendants deny the truth of the allegations contained in ¶ 19 of the Amended Complaint.

16. Defendants deny the truth of the allegations contained in ¶ 20 of the Amended Complaint.

17. Defendants deny the truth of the allegations contained in ¶ 21 of the Amended Complaint.

18. The allegations contained in ¶ 24 of the Amended Complaint contain a legal conclusion; to the extent a response is required, Defendants deny.

19. Corporate Defendant admits the truth of the allegations contained in ¶ 25 of the Amended Complaint contain a legal conclusion; to the extent a response is required, Defendants deny.

20. Defendants deny the truth of the allegations contained in ¶ 27 of the Amended Complaint.

21. Defendants deny the truth of the allegations contained in ¶ 30 of the Amended Complaint.

22. The allegations contained in ¶ 31 of the Amended Complaint.

23. Defendants deny the truth of the allegations contained in ¶ 33 of the Amended Complaint.

24. Defendants deny the truth of the allegations contained in ¶ 34 of the Amended Complaint.

25. Corporate Defendant and Defendant Daniela Hijazin admit the truth of the allegations contained in ¶ 25 of the Complaint; Defendant Eyad Hijazin denies possessing knowledge or information sufficient to respond to the allegation.

26. Defendants deny the truth of the allegations contained in ¶ 37 of the Amended Complaint.

27. Defendants deny the truth of the allegations contained in ¶ 38 of the Amended Complaint.

28. Defendants deny the truth of the allegations contained in ¶ 39 of the Amended Complaint.

29. The allegations contained in ¶ 40 of the Amended Complaint contain a legal conclusion; to the extent a response is required, Defendants deny.

30. The allegations contained in ¶ 42 of the Amended Complaint contain a legal conclusion; to the extent a response is required, Defendants deny.

31. Defendants deny the truth of the allegations contained in ¶ 43 of the Amended Complaint contain a legal conclusion; to the extent a response is required, Defendants deny.

32. The allegations contained in ¶ 46 of the Amended Complaint contain a legal conclusion; to the extent a response is required, Defendants deny.

**COUNT I**

**RETALIATION IN VIOLATION OF THE FEDERAL FALSE CLAIMS ACTFIRST CLAIM**
**(Against Defendant Westchester Dental, P.C.)**

33. Defendants, inasmuch as a response is required, incorporate each and every prior answer as if those answers were fully restated herein.

34. Defendants admit that Plaintiff makes allegations contained in ¶ 49 of the Complaint concerning the basis of her claims but deny that Plaintiff is entitled to any relief or recovery.

35. Defendants admit that Plaintiff makes allegations contained in ¶ 50 of the Amended Complaint.

36. Defendants deny the truth of the allegations contained in ¶ 52 of the Amended Complaint.

**COUNT II**

**RETALIATION IN VIOLATION OF THE STATE FALSE CLAIMS ACT**
**(Against Defendant Westchester Dental, P.C.)**

37. Defendants, inasmuch as a response is required, incorporate each and every prior answer as if those answers were fully restated herein.

38. The allegations contained in ¶ 54 of the Amended Complaint contain a legal conclusion; to the extent a response is required, Defendants deny.

39. Defendants deny the truth of the allegations contained in ¶ 55 of the Amended Complaint.

40. Defendants deny the truth of the allegations contained in ¶ 57 of the Amended Complaint.

41. Defendants deny the truth of the allegations contained in ¶ 61 of the Amended Complaint.

**COUNT IV**

**UNPAID WAGES IN VIOLATION OF NEW YORK LABOR LAW**
**(Against All Defendants)**

42. Defendants, inasmuch as a response is required, incorporate each and every prior answer as if those answers were fully restated herein.

43. Defendants deny the truth of the allegations contained in ¶ 64 of the Amended Complaint.

44. Defendants deny the truth of the allegations contained in ¶ 65 of the Amended Complaint.

45. Defendants deny the truth of the allegations contained in ¶ 66 of the Amended Complaint.

**COUNT V**

**UNPAID WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**(Against All Defendants)**

46. Defendants, inasmuch as a response is required, incorporate each and every prior answer as if those answers were fully restated herein.

47. The allegations contained in ¶ 68 of the Amended Complaint contain a legal conclusion; to the extent a response is required, Defendants deny.

48. The allegations contained in ¶ 69 of the Amended Complaint contain a legal conclusion; to the extent a response is required, Defendants deny.

49. The allegations contained in ¶ 70 of the Amended Complaint.

**COUNT VI**

**UNPAID OVERTIME UNDER NEW YORK LABOR LAW**
**(Against All Defendants)**

50. Defendants, inasmuch as a response is required, incorporate each and every prior answer as if those answers were fully restated herein.

51. The allegations contained in ¶ 73 of the Amended Complaint contain a legal conclusion; to the extent a response is required, Defendants deny.

52. The allegations contained in ¶ 74 of the Amended Complaint contain a legal conclusion; to the extent a response is required, Defendants deny.

53. Defendants deny the truth of the allegations contained in ¶ 75 of the Amended Complaint.

**COUNT VII**

**VIOLATION OF PAY FREQUENCY REQUIREMENTS**
**UNDER NEW YORK LABOR LAW**
**(Against All Defendants)**

54. Defendants, inasmuch as a response is required, incorporate each and every prior answer as if those answers were fully restated herein.

55. The allegations contained in ¶ 77 of the Amended Complaint contain a legal conclusion; to the extent a response is required, Defendants deny.

56. Defendants deny the truth of the allegations contained in ¶ 78 of the Amended Complaint.

**COUNT VIII**

**VIOLATION OF WAGE NOTICE REQUIREMENTS UNDER THE NEW YORK LABOR LAW**
**(Against All Defendants)**

57. Defendants, inasmuch as a response is required, incorporate each and every prior answer as if those answers were fully restated herein.

58. The allegations contained in ¶ 80 of the Amended Complaint contain a legal conclusion; to the extent a response is required, Defendants deny.

59. Defendants deny the truth of the allegations contained in ¶ 81 Amended Complaint.

**COUNT IX**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR**
**(Against All Defendants)**

60. Defendants, inasmuch as a response is required, incorporate each and every prior answer as if those answers were fully restated herein.

61. The allegations contained in ¶ 83 of the Amended Complaint.

**DEFENDANTS' AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

1. Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiff has been paid all monies owed to her.

**FOURTH AFFIRMATIVE DEFENSE**

4. Although Defendants deny that they owe any unpaid wages or other amounts to Plaintiff, if it is determined that such monies are owed, Plaintiff cannot establish that any alleged violation of the FLSA was willful and, thus, cannot establish entitlement to a three-year statute of limitations with respect to her claims.

**FIFTH AFFIRMATIVE DEFENSE**

5. Although Defendants deny that they owe any unpaid wages or other amounts to Plaintiff, if it is determined that such monies are owed, then Defendants assert that at all times a reasonable good faith dispute existed as to whether such wages or other amounts were owed.

**SIXTH AFFIRMATIVE DEFENSE**

6. Although Defendants deny that they owe any unpaid wages or other amounts to Plaintiff, if it is determined that such monies are owed, Plaintiff is not entitled to liquidated damages because Defendants' actions regarding payroll practices and compliance with the New York Labor Law and/or the FLSA were in good faith and Defendants had reasonable grounds for believing their actions were in compliance with the New York Labor Law and/or the FLSA.

**SEVENTH AFFIRMATIVE DEFENSE**

7. This action is barred, in whole or in part, as to all the hours allegedly worked by Plaintiff that were not reported in accordance with any applicable policies or procedures.

**EIGHTH AFFIRMATIVE DEFENSE**

8. This action is barred, in whole or in part, as to all hours allegedly worked of which Defendants lack actual or constructive knowledge.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, release, accord and satisfaction, estoppel and/or laches.

**TENTH AFFIRMATIVE DEFENSE**

10. Defendants have met and satisfied any and all obligations to Plaintiff that arose out of and during her employment and, therefore, this action is barred, in whole or in part, by the doctrine of accord and satisfaction.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. The allegations of the Complaint are insufficient to entitle Plaintiff to an award of attorneys' fees.

**TWELFTH AFFIRMATIVE DEFENSE**

12. The causes of action herein have been waived and/or are barred by reason of the Plaintiff's failure to give proper and timely notice to the Defendants of her claims.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiff was not employed by each and every Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Defendants are not employers or joint employers of the Plaintiff within the meaning of the Fair Labor Standards Act or the New York State Labor Law

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. If Plaintiff succeeds in establishing any violation under the FLSA or the New York State Labor Law, and to the extent any sums are found due and owing to Plaintiff, which is expressly

denied, Defendants are entitled to a set-off against said sum to the extend paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff over and above his wages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the Fair Labor Standards Act and the New York Labor Law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments, or offsets permissible under the Fair Labor Standards Act or New York Labor Law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Plaintiff's claims are barred to the extent he petitioned for bankruptcy either under Chapter 7 or Chapter 13 of the United States bankruptcy code, yet failed to disclose potential claims against Defendants as required under applicable bankruptcy laws.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Plaintiff's claims are barred due to her violation of the faithless servant doctrine, breach of duty of loyalty and/or breach of fiduciary duties.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Plaintiff is not entitled to any equitable relief because he has an adequate remedy at law.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. The Court should not exercise supplemental jurisdiction over the counts in the Amended Complaint that purport to arise under the New York State Labor Law.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. Defendants deny that they committed any of the New York Labor Law violations alleged in the Amended Complaint, including failure to pay overtime hours, spread of hours, or that Defendants committed any violations concerning notice and recordkeeping requirements or wage statement provisions.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. Plaintiff does not have Article III Standing to pursue her NYLL §§ 191 and 195 claims in this Court.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. Plaintiffs' claims for damages are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25. The allegations of the Amended Complaint are insufficient to entitle Plaintiffs to punitive damages. Defendants' conduct was not willful, wanton and/or egregious and punitive damages are not available on Plaintiffs' FLSA and State Labor Law claims.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26. Defendants did not proximately cause any harm to Plaintiff.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27. Any harm that Plaintiff suffered was caused by her own conduct.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28. Any and all actions taken by Defendants with regard to Plaintiff's employment or the terms or conditions thereof, were based on legitimate, non-discriminatory and non-retaliatory business reasons and would have been taken regardless of whether Plaintiff engaged in protected activity.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29. At all relevant times Defendants acted reasonably, for cause and/or in good faith towards the Plaintiff who brings this lawsuit and have not violated any rights which may be secured under the FLSA and NYLL.

**THIRTIETH AFFIRMATIVE DEFENSE**

30. To the extent that Plaintiff engaged in misconduct prior to or during her employment which would have resulted in denial of her employment, her discharge had said acts or omissions been known to Defendants, any relief awarded should be reduced, in whole or in part, due to Plaintiff having engaged in such misconduct.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

31. Defendants engaged in no acts or omissions which would either rise to the level required to sustain an award of punitive damages, were not motivated by evil intent, do not evidence a malicious, knowing, oppressive or fraudulent intent to deny Plaintiff's protected rights, and are not so willful or wanton as to support an award of punitive damages.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

32. Plaintiff's Amended Complaint is presented in conclusory and vague terms, which prevents Defendants from anticipating all affirmative defenses and claims that may be applicable in this action. Therefore, to the extent permitted under the Federal Rules of Civil Procedure and

applicable case law, Defendants reserve the right pending completion of discovery to assert any additional defenses that may exist.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

33. Upon information and belief, if plaintiff sustained emotional injuries alleged as alleged, then such injuries were not the result of the any Defendants' action or inaction, but rather were the result of intervening and/or superseding acts or occurrences over which the answering defendant did not have control.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

34. Plaintiff has not sustained emotional injuries of any degree.

**DEMAND FOR TRIAL BY JURY**

35. Defendants demand a trial by jury on all issues so triable in this action.

**WHEREFORE,** Defendants demand judgment dismissing the Amended Complaint of Plaintiff, together with costs and disbursements of this action.

Dated: December 15, 2022
Lake Success, NY

/s/ Matthew A. Brown, Esq.
Michael J. Mauro, Esq.
Matthew A. Brown, Esq.
MILMAN LABUDA LAW GROUP, PLLC
Attorneys for Defendants
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042
(516) 328-8899