# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
**EDITH PIRINEA,**

                      **Plaintiff,**

          v.

**WESTCHESTER DENTAL, P.C., DANIELA HIJAZIN, and EYAD HIJAZIN,**

                    **Defendants.**
------------------------------------------------------------------------X

Docket No.:
22-cv-004807(PMH)(PED)

**DEFENDANTS' AMENDED RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Defendants, Westchester Dental, P.C. ("Westchester Dental"), Daniela Hijazin ("Daniela") and Eyad Hijazin ("Eyad") (Westchester Dental, Daniela, and Eyad collectively "Defendants") by and through their attorneys, Milman Labuda Law Group PLLC, hereby provides this amended response to Plaintiff's First Set of Requests for Production as follows:

## GENERAL OBJECTIONS

Defendants' amended response is subject to the specific General Objections set forth below, each of which is incorporated by reference into the responses to each request. The production of information encompassed within Defendants' General Objections shall not be deemed a waiver of these objections. Defendants object as follows:

1.    Defendants object to those portions of the Request which purport to impose upon Defendant a burden of production beyond that required by the Federal Rules of Civil Procedure ("FRCP").

2.    Defendants object to Plaintiff's request to the extent that it requires responses which are subject to the attorney-client or work product privileges.

3. Defendants object to those portions of the request which improperly seek the disclosure of information that is either irrelevant or not calculated to lead to the production of relevant, admissible evidence.

4. Defendants object to Plaintiff's requests to the extent that such requests are overly broad in time and scope and unduly burdensome.

5. Defendants object to Plaintiff's requests to the extent that they are vague.

6. Defendants object to Plaintiff's requests to the extent that such requests concern information for employees other than Plaintiff.

All of Defendants' answers are made subject to the above objections as if restated at length therein.

## RESPONSES

1. All documents constituting contracts or agreements between any of the parties in this action.

**RESPONSE:**

**Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Notwithstanding the objection and without waiving it, none.**

**Defendants Westchester Dental, P.C. and Daniela Hijazin (the "Practice Defendants") object on the grounds that the request is (a) overbroad in time and scope as it seeks "all" responsive documents, (b) ambiguous as to what is meant by contracts or agreements between any of the parties and (c) seeks documents not likely to lead to the discovery of relevant evidence to the extent it seeks agreements amongst Defendants only that do not relate to Plaintiff. Notwithstanding the objections, and without waiving them,**

**the Practice Defendants have not located any such documents related to Plaintiff and is not withholding responsive documents.**

2. All documents concerning the Plaintiff's employment with the Defendants, including but not limited to: payroll records pertaining to the Plaintiff, the Plaintiff's personnel file, W-2 forms pertaining to the Plaintiff and all of Plaintiff's paystubs.

**RESPONSE:**

**Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Notwithstanding the objection and without waiving it, none.**

**The Practice Defendants object on the grounds that the request is overbroad in time and scope as it seeks "all" responsive documents. Notwithstanding the objections, and without waiving them, see Bates Stamp DEF 1-118. The Practice Defendants are not withholding responsive documents.**

3. All documents concerning the work schedules, hours worked, job duties, pay rates, method of pay, pay received, work tasks assigned, and work tasks performed by Plaintiff during the Relevant Time Period.

**RESPONSE:**

**Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Notwithstanding the objection and without waiving it, none.**

**The Practice Defendants object on the grounds that the request is overbroad in scope as it seeks "all" responsive documents, and seeks documents requested in other demands herein. Notwithstanding the objections, and without waiving them, see Bates Stamp DEF 1-118. The Practice Defendants are not withholding responsive documents.**

3

4. Documents concerning, constituting, or relating to payments made by Defendants to the Plaintiff during the Relevant Time Period.

**RESPONSE:**

**Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Notwithstanding the objection and without waiving it, none.**

**The Practice Defendants object on the grounds that the request seeks documents requested in other demands herein. Notwithstanding the objections, and without waiving them, see Bates Stamp DEF1-118. The Practice Defendants are not withholding responsive documents.**

5. All documents concerning or memorializing Plaintiff's job duties.

**RESPONSE:**

**Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Notwithstanding the objection and without waiving it, none.**

**The Practice Defendants object on the grounds that the request is overbroad in time and scope, ambiguous as to whether it concerns Plaintiff's job duties during her purported employment or for another employer and seeks documents requested in other demands herein. Notwithstanding the objections, and without waiving them, see Bates Stamp DEF1-118. The Practice Defendants are not withholding responsive documents.**

6. Copies of any wage and hour postings located in Defendants' offices during the Relevant Time Period.

**RESPONSE:**

**Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Notwithstanding the objection and without waiving it, none.**

**As for the Practice Defendants, see Bates Stamp DEF 191. The Practice Defendants are not withholding responsive documents.**

7. All documents concerning any written notice provided to Plaintiff in her primary language, at the time of hiring or otherwise, specifying, *inter alia*, Plaintiff's regular rate of pay and regular pay days.

**RESPONSE**:

**Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Notwithstanding the objection and without waiving it, none.**

**The Practice Defendants object on the grounds that the request is overbroad in time and scope, and seeks documents requested in other demands herein. Notwithstanding the objections, and without waiving them, see Bates Stamp DEF1-118, 191. The Practice Defendants are not withholding responsive documents.**

8. All documents related to actions taken by Defendants in response to Plaintiff's complaints.

**RESPONSE**:

**Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Notwithstanding the objection and without waiving it, Defendant Eyad reports that he is not aware of any complaints.**

**The Practice Defendants object on the grounds that the request is (a) overbroad in time and scope as it seeks "all" responsive documents and (b) ambiguous as to what is meant by "actions taken by Defendants" and/or "Plaintiff's complaints." Notwithstanding the objections, and without waiving them, Defendants Westchester Dental, P.C. and Daniela state there are no such responsive documents.**

5

9. All documents concerning or relating to Defendants' billing records to its patients who were insured under Medicaid, including, but without limitation, all notes and memoranda.

**RESPONSE:**

**Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Defendant Eyad also objects on the grounds that even if he were such employer, the request is (a) overbroad in time and scope as it seeks "all" responsive documents; and (b) seeks documents that are confidential pursuant to HIPAA and NY CPLR 4504. Notwithstanding the objections and without waiving them, none.**

**The Practice Defendants object on the grounds that the request is (a) overbroad in time and scope as it seeks "all" responsive documents; (b) ambiguous as to what is meant by "billing records"; and (c) seeks documents that are confidential pursuant to HIPAA. Notwithstanding the objections, and without waiving them, see Bates Stamp DEF 119-182. The Practice Defendants are withholding responsive documents protected by HIPAA and NY CPLR 4504.**

10. All documents concerning, relating to or constituting Plaintiff's preparation of insurance submissions to Medicaid.

**RESPONSE:**

**Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Defendant Eyad also objects on the grounds that even if he were such employer, the request is (a) overbroad in time and scope as it seeks "all" responsive documents; and (b) seeks documents that are confidential pursuant to HIPAA and NY CPLR 4504. Notwithstanding the objections and without waiving them, none.**

The Practice Defendants object on the grounds that the request is (a) overbroad in time and scope as it seeks "all" responsive documents; (b) ambiguous as to what is meant by "Plaintiff's preparation of insurance submissions to Medicaid" and whether same was performed in relation to her employment; and (c) seeks documents that are confidential pursuant to HIPAA and NY CPLR 4504. Notwithstanding the objections, and without waiving them, none. The Practice Defendants are not withholding responsive documents.

11. All patient charts for the Defendants' patients who were insured by Medicaid during the Relevant Time Period.

**RESPONSE**:

Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Defendant Eyad also objects on the grounds that even if he were such employer, the request is (a) overbroad in time and scope as it seeks "all" responsive documents and requests information for individuals for whom Defendants are not necessarily aware were insured by Medicaid; (b) seeks documents not likely to lead to relevant evidence as to individuals for whom Plaintiff did not handle or submit medical billings on behalf of; and (c) seeks documents that are confidential pursuant to HIPAA and NY CPLR 4504. Notwithstanding the objections and without waiving them, none.

The Practice Defendants object on the grounds that the request is (a) overbroad in time and scope as it seeks "all" responsive documents requests information for individuals for whom Defendants are not necessarily aware were insured by Medicaid; (b) seeks documents not likely to lead to relevant evidence as to individuals for whom Plaintiff did not handle or submit medical billings on behalf of; and (c) seeks documents that are

==confidential pursuant to HIPAA. The Practice Defendants are withholding responsive documents protected by HIPAA and NY CPLR 4504.==

12. All written policies relating to wages from 2016 to 2020.

**RESPONSE:**

Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Notwithstanding the objections and without waiving them, none.

The Practice Defendants object on the grounds that the request is (a) overbroad in scope as it seeks information not applicable to Plaintiff's employment and "all" responsive documents; and (b) ambiguous as to what is meant by "written policies relating to wages." Notwithstanding the objections, and without waiving them, see Bates Stamp DEF 191. The Practice Defendants are not withholding responsive documents.

13. All documents relating to Plaintiff's separation from Westchester Dental, P.C.

**RESPONSE:**

Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Notwithstanding the objection and without waiving them, none.

The Practice Defendants object on the grounds that the request is overbroad in scope as it requests "all" responsive documents. Notwithstanding the objections, and without waiving them, see Bates Stamp DEF 108-116. The Practice Defendants are not withholding responsive documents.

14. All documents concerning the Plaintiff's efforts to market Westchester Dental, P.C.

**RESPONSE:**

Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Notwithstanding the objections and without waiving them, none.

**The Practice Defendants object on the grounds that the request is (a) overbroad in time and scope as it seeks "all" responsive documents; and (b) ambiguous as to what is meant by "efforts to market". Notwithstanding the objections, and without waiving them, see Bates Stamp DEF187-190.**

15. Copies of Westchester Dental, P.C.'s income tax returns for the years of 2016 to 2020.

**RESPONSE:**

**Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Notwithstanding the objections and without waiving them, none.**

**The Practice Defendants object on the grounds that the request is not likely to lead to evidence relevant to the claims and defenses in this case, as they do not contest that Westchester Dental, P.C.'s gross revenues during each year in the FLSA statute of limitations period exceeded $500,000. The Practice Defendants are withholding responsive documents.**

16. Operating agreements and articles of incorporation for Westchester Dental, P.C.

**RESPONSE:**

**Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Notwithstanding the objection and without waiving it, none.**

**The Practice Defendants Westchester Dental, P.C. and Daniela object on the grounds that the request is overbroad in time and scope, and seeks documents not likely to lead to relevant evidence with respect to the claims and defenses. Notwithstanding the objections, and without waiving them, see Bates Stamp DEF184-186. The Practice Defendants are not withholding responsive documents.**

9

17. All documents concerning, relating to or constituting the Defendants' coding system as it relates to billing insurance companies such as Medicaid.

**RESPONSE:**

**Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Notwithstanding the objection and without waiving them, none.**

**The Practice Defendants object on the grounds that the request is (a) overbroad in time and scope as it seeks "all" responsive documents and concerns documents not necessarily related to the claims and defenses; (b) unduly burdensome as it seeks voluminous documents; and (c) seeks documents that are confidential pursuant to HIPAA and NY CPLR 4504. Notwithstanding the objections, and without waiving them, see Bates Stamp DEF 183. The Practice Defendants are withholding responsive documents protected by HIPAA and NY CPLR 4504.**

18. All correspondence received by the Defendants from Medicaid providers concerning claims made by the Defendants.

**Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Defendant Eyad also objects on the grounds that even if he were such employer, the request is overbroad in time and scope as it seeks "all" responsive documents and seeks documents that are confidential pursuant to HIPAA and NY CPLR 4504. Notwithstanding the objections and without waiving them, none.**

**The Practice Defendants object on the grounds that the request is (a) overbroad in time and scope as it seeks "all" responsive documents and concerns documents not necessarily related to the claims and defenses; (b) ambiguous as to what is meant by "claims made by Defendants", and (c) seeks documents not likely to lead to the discovery of relevant**

10

==evidence and seeks documents that are confidential pursuant to HIPAA and NY CPLR 4504. The Practice Defendants are withholding responsive documents protected by HIPAA and NY CPLR 4504.==

**RESPONSE:**

19. All communications between any of the Defendants or their representatives or agents on one hand, and the Plaintiff on the other hand, concerning the subject matter of this action.

**RESPONSE:**

**Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Notwithstanding the objection and without waiving it, none.**

**The Practice Defendants Westchester Dental, P.C. and Daniela object on the grounds that the request is overbroad in scope as it seeks "all" responsive documents and seeks documents covered by the attorney-work product privilege. Notwithstanding the objections, and without waiving them, see none.**

20. All communications between any of the Defendants or their representatives or agents on one hand, and any third party on the other hand, concerning the subject matter of this action.

**RESPONSE:**

**Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Notwithstanding the objection and without waiving it, none.**

**The Practice Defendants object on the grounds that the request is overbroad in scope as it seeks "all" responsive documents and seeks documents covered by the attorney-work product privilege. Notwithstanding the objections, and without waiving them, none.**

11

21. All communications between the Plaintiff on one hand, and the Defendants or their representatives or agents on the other hand, concerning the Plaintiff's termination.

**RESPONSE:**

**Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Notwithstanding the objection and without waiving it, none.**

**The Practice Defendants object on the grounds that the request is overbroad in scope as it seeks "all" responsive documents. Notwithstanding the objections, and without waiving them, none.**

22. All communications between any of the Defendants or their representatives or agents on one hand, and any third party on the other hand, concerning the Plaintiff's termination.

**RESPONSE:**

**Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Notwithstanding the objection and without waiving it, none.**

**The Practice Defendants Westchester Dental, P.C. and Daniela object on the grounds that the request is overbroad in scope as it seeks "all" responsive documents. Notwithstanding the objections, and without waiving them, none.**

23. All communications between any of the Defendants or their representatives or agents concerning the Plaintiff's employment, work hours and rate of pay.

**RESPONSE:**

**Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Defendant further objects on the grounds that the request seeks information protected from disclosure pursuant to the attorney-client privilege. Notwithstanding the objection and without waiving it, none.**

**The Practice Defendants object on the grounds that the request is overbroad in time and scope as it seeks "all" responsive documents, and seeks information protected from disclosure pursuant to the attorney-client privilege. Notwithstanding the objections, and without waiving them, none.**

24. All communications between any of the Defendants or their representatives or agents concerning the Plaintiff's marketing of Westchester Dental, P.C.

**RESPONSE:**

**Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Defendant further objects on the grounds that the request seeks information protected from disclosure pursuant to the attorney-client privilege. Notwithstanding the objection and without waiving it, none.**

**The Practice Defendants object on the grounds that the request is overbroad in scope as it seeks "all" responsive documents, ambiguous as to what is meant by "Plaintiff's marketing of Westchester Dental, P.C." and seeks information protected from disclosure pursuant to the attorney-client privilege. Notwithstanding the objections, and without waiving them, none.**

25. All communications concerning Plaintiff's preparation of insurance submissions to Medicaid.

**RESPONSE:**

**Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Notwithstanding the objection and without waiving it, none.**

**The Practice Defendants object on the grounds that the request is (a) overbroad in time and scope as it seeks "all" responsive documents and concerns documents not**

13

necessarily related to the claims and defenses; and (b) ambiguous as to what is meant by "Plaintiff's preparation of insurance submissions to Medicaid." Notwithstanding the objections, and without waiving them, none.

26. All documents concerning the Plaintiff's job performance.

**RESPONSE:**

Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Notwithstanding the objection and without waiving it, none.

The Practice Defendants object on the grounds that the request is overbroad in scope as it seeks "all" responsive documents and ambiguous as to whether it concerns Plaintiff's employment with other employers. Notwithstanding the objections, and without waiving them, none.

27. All emails referencing or concerning the Plaintiff.

**RESPONSE:**

Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Notwithstanding the objection and without waiving it, none.

The Practice Defendants object on the grounds that the request is (a) overbroad in time and scope as it seeks "all" responsive documents and concerns documents not necessarily related to the claims and defenses; (b) unduly burdensome as it seeks voluminous documents. Notwithstanding the objections, and without waiving them, none.

28. All text messages referencing or concerning the Plaintiff.

**RESPONSE:**

Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Notwithstanding the objection and without waiving it, none.

**The Practice Defendants object on the grounds that the request is (a) overbroad in time and scope as it seeks "all" responsive documents and concerns documents not necessarily related to the claims and defenses; (b) unduly burdensome as it seeks voluminous documents. Notwithstanding the objections, and without waiving them, see DEF 192-205. The Practice Defendants are not withholding responsive documents.**

29. All notes and memoranda concerning the Plaintiff's employment.

**RESPONSE:**

**Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Notwithstanding the objection and without waiving it, none.**

**The Practice Defendants object on the grounds that the request is overbroad in time and scope as it seeks "all" responsive documents and ambiguous as to whether it concerns Plaintiff's employment with other employers . Notwithstanding the objections, and without waiving them, none.**

30. All documents concerning the Westchester Dental Plan that the Plaintiff created.

**RESPONSE:**

**Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Notwithstanding the objection and without waiving it, none.**

**The Practice Defendants object on the grounds that the request is overbroad in time and scope as it seeks "all" responsive documents and ambiguous as to what is meant by the "Westchester Dental Plan." Notwithstanding the objections, and without waiving them, none.**

31. Any documents provided by Defendants to any expert retained or consulted by Defendants.

15

**RESPONSE:**

**Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Notwithstanding the objection and without waiving it, none at this time.**

**The Practice Defendants object on the grounds that the request seeks documents covered by the attorney-work product and trial strategy privileges. Notwithstanding the objections, and without waiving them, none at this time.**

32. All documents that support any affirmative defense that the Defendants intend to raise.

**RESPONSE:**

**Defendant Eyad objects on the grounds that he is not Plaintiff's employer. Notwithstanding the objection and without waiving it, see documents produced by the other defendants.**

**The Practice Defendants object on the grounds that the request is overbroad in scope as it seeks "all" responsive documents and otherwise seeks documents covered by the attorney-work product and trial strategy privileges. Notwithstanding the objections, and without waiving them, see Bates Stamp 1-191. The Practice Defendants are not withholding responsive documents.**

33. All documents or other tangible materials of any nature whatsoever that Defendants plan to have marked for identification at a deposition, hearing or trial, introduce into evidence at a deposition, hearing or trial, or that Defendants plan to question a witness at a deposition, hearing or trial of this action.

**RESPONSE**: **Defendants not yet determined what documents they plan to have marked for identification at a deposition, hearing or trial, introduce into evidence at a deposition, hearing or trial, or use to question a witness at a deposition hearing or trial. Defendants reserve the right to identify documents to mark for identification, introduce as evidence or question a witness within accordance with the FRCP and, in the event they do so, Defendants will supplement its response to this request.**

Dated: Lake Success, New York
February 9, 2023

        **MILMAN LABUDA LAW GROUP PLLC**

        /s/ Michael J. Mauro, Esq.
        Michael J. Mauro, Esq.
        Matthew A. Brown, Esq.
        3000 Marcus Avenue, Suite 3W8
        Lake Success, NY 11042
        (516) 328-8899 (office)
        (516) 328-0082 (facsimile)
        michael@mllaborlaw.com
        matt@mllaborlaw.com
        *Attorneys for Defendants*

To: **JACOBS P.C.**
     Adam Sherman, Esq.
     Eduard Kushmakov, Esq.
     595 Madison Avenue, 39th Floor
     New York, New York 10022
     (212) 229-0476
     adam@jacobspc.com
     eduard@jacobspc.com
     *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of February, 2023, I served the within Defendants Amended Response to Plaintiff's First Set of Document Demands via email to the following:

**JACOBS P.C.**
Adam Sherman, Esq.
Eduard Kushmakov, Esq.
595 Madison Avenue, 39th Floor
New York, New York 10022
(212) 229-0476
adam@jacobspc.com
eduard@jacobspc.com

By: /s/ Michael J. Mauro, Esq.
Michael J. Mauro, Esq.