# EXHIBIT C



*Managing Partner*
Leo Jacobs\*

*Associates*
Adam Sherman
Aaron Slavutin
Eduard Kushmakov
William Buzzini\*\*

\* -Ilevu Yakubov
\*\*-Pending Bar Admission

595 Madison Avenue, FL 39
New York, New York 10022

**O:** 212-229-0476
**F:** 212-229-9015
**E:** info@jacobspc.com

www.JacobsPC.com

*Senior Counsel*
Lewis Fischbein
Wayne Greenwald

*Of Counsel*
Laura Brandt

January 30, 2023

<u>*Via Email (michael@mllaborlaw.com)*</u>
Michael Mauro, Esq.
Milman Labuda Law Group, PLLC
3000 Marcus Avenue, Ste. 3W8
Lake Success, NY 11042
*Attorneys for Defendants*

Re:   *Edith Pirinea v. Westchester Dental, P.C., et al.*, **7:22-cv-04807** (**S.D.N.Y.**)
**Meet and Confer Letter Concerning Defendants' Responses to Plaintiff's <u>First Set of Document Requests and Interrogatories</u>**

Dear Michael:

As you know, we represent Plaintiff in the above-referenced action. We are writing this meet and confer letter regarding deficiencies in Defendants' January 20, 2023 responses to Plaintiff's First Set of Document Requests ("Document Requests") and Interrogatories ("Interrogatories") (together, the "Discovery Demands"). As shown below, Defendants' discovery responses are deficient in several respects and require supplementation. We respectfully request that Defendants supplement their production by close of business on February 7, 2023, otherwise we will be forced to seek judicial intervention.

### I.  Defendants' Boilerplate Objections to the Discovery Demands Are Patently Improper

As a general matter, in response to many of Plaintiff's Discovery Demands, Defendants asserted patently improper boilerplate objections that do not specify the basis for the objection. This is the exact type of objections that courts within the Second Circuit routinely hold are improper. *See, e.g.*, *Fischer v. Forrest*, Nos. 14-cv-1304, 14-cv-1307, 2017 WL 773694, at \*3 (S.D.N.Y. Feb. 28, 2017) (holding that "overly broad and unduly burdensome" objections without specifying the basis for the objection "is meaningless boilerplate"); *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, No. 13-cv-2581, 2019 WL 3334503, at \*12 n.19 (S.D.N.Y. Jul. 25, 2019)

(holding that objections were improper because "they have not even attempted to explain why plaintiffs' requests are overly broad or unduly burdensome or not relevant").[1]

Plaintiff demands that Defendants amend their discovery responses in accordance with the well settled authority cited above.

## II. Defendants' Assertion that Documents and Information Sought by Plaintiff are Privileged Under HIPAA is Without Merit

Document Requests Nos. 9, 10, 11, 17, 18 and Interrogatory 6 seek documents and information regarding Defendants' billing records pertaining to its patients who were insured by Medicaid. In response to these discovery demands, Defendants asserted a blanket privilege objection under HIPAA. This objection is without merit for two separate, independent reasons.

First, the HIPAA objection is improper on its face because, as stated above, Defendants do not even attempt to explain the basis for the objection. Therefore, for this reason alone, Defendants must disclose the information sought.

Second, the HIPAA objection is improper because the documents and information sought can be produced in redacted form to eliminate identifying information. This is exactly what is commonly done where, as here, a party seeks the production of medical records in connection with claims of fraudulent medical practices. *See, e.g.*, *In re Zyprexa Products Liability Litigation*, 254 F.R.D. 50, 55-56 (E.D.N.Y. 2008) (ordering disclosure of redacted patient medical records in connection with an unlawful marketing of a prescription drug claim); *In re Rezulin Products Liability Litigation*, 178 F. Supp. 2d 412, 417 (S.D.N.Y. 2001) (ordering production of medical records after the "redaction of identifying information" of patients).

Accordingly, redacted patient medical records sought by the discovery requests cited above must be produced. The terms of the redactions can be negotiated between counsel. We are amenable to executing a confidentiality stipulation as is common practice. Plaintiff's claim under the False Claims Act requires examination of Defendants' billing records as they pertain to patients who were insured under Medicaid. Thus, these documents are not only relevant, but are vital to Plaintiff's claim under the False Claims Act. For these reasons, Defendants' assertion that the materials requested are privileged under HIPAA is without merit. Please produce the requested documents and information promptly.

## III. Defendants Must Disclose Their Corporate Tax Returns During 2016-2020

Document Request No. 15 seeks the production of Defendant Westchester Dental P.C.'s ("Westchester Dental") tax returns for the years 2016-2020. In response to this request, without specifying any details, Defendants assert that this information is not relevant. Again, this objection is without merit for two separate, independent reasons.

---

[1] Additionally, Defendants' responses to the Document Requests are deficient in that they do not state whether Defendants are withholding responsive documents, which is in violation of Fed. R. Civ. P. 34(b)(2)(C). This violation must also be cured.

2

First, as stated above, Defendants' relevance objection is patently improper on its face, as no detail concerning why the requested documents are not relevant is provided.

Second, Westchester Dental's tax returns are relevant to this action, which asserts wage and hour claims. In that regard, Westchester Dental's tax returns are relevant to establishing enterprise liability under Plaintiff's unpaid overtime claim under the Fair Labor Standards Act. *See* 29 U.S.C. § 207(a)(1)[2]; Amended Complaint at ¶¶ 25-26. Plaintiff is entitled to review Defendants' annual gross sales or business. Accordingly, Westchester Dental must produce its tax returns for the years 2016-2020.

In light of the above, we request that Defendants supplement their production by close of business on February 7, 2023. If you do not agree with the assertions set forth in this letter, in accordance with our meet and confer obligations set forth under Fed. R. Civ. P. 37(a)(1) and Local Rule 37.2, we are available for a meet and confer call on the following dates (1) January 31, 2023 (between 2 pm and 5pm); (2) February 2, 2023 (all day); and (3) February 3, 2023 (anytime after 12 pm). If we are not able to resolve these straight-forward discovery issues, we will promptly file a motion to compel and seek attorneys' fees in connection with our application.

Sincerely,

*/s/Adam Sherman*
Adam Sherman

cc:   all counsel of record (via email)

---

[2] *See, e.g., Yong F. Ke v. 85 Fourth Avenue Inc.*, 2009 WL 1058627, at *1 n.2 (S.D.N.Y. Apr. 20, 2009) (holding that "[t]he minimum wage and overtime provisions of the FLSA cover workers who are "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a)(1). To qualify, an enterprise's gross sales or business must equal or exceed $500,000 annually. 29 U.S.C. § 203(s)(1)(A)(ii)").