

May 20, 2024

**Via ECF**
Hon. Philip M. Halpern
Southern District of New York
300 Quarropas Street, Room 539
White Plains, New York 10601

**Re:**    *Edith Pirinea and Rita Moreno v. Westchester Dental, P.C., et al.,* **7:22-cv-04807 and 7:22-cv-9977 (S.D.N.Y.) (PMH)(VR)**
<u>**Joint Letter Motion for Settlement Approval**</u>

Dear Judge Halpern:

We represent the Plaintiffs in the above-referenced actions (together, the "Action"). We are writing jointly with Defendants to respectfully request this Court's approval of the settlement agreement (attached hereto as Exhibit A) (the "Settlement Agreement"). As demonstrated below, the parties submit that the Settlement Agreement is fair and reasonable and should be approved.

**Plaintiffs' Allegations**

As set forth in the Amended Complaint, Plaintiff Edith Pirinea was employed with Defendant Westchester Dental, P.C. for over 20 years with the job title of office manager. Plaintiff Edith Pirinea asserts that she was orally told that her hourly rate was $31/hour, but she actually worked approximately 60 hours per week and was not paid any overtime premium for that work. In that regard, Plaintiff Edith Pirinea asserts that she devoted approximately 20 to 25 additional hours of week per workweek to marketing for Westchester Dental, P.C., which was typically performed outside of the office.

As set forth in the Complaint, Plaintiff Rita Moreno was employed with Defendant Westchester Dental, P.C. from 2015-2020, with the job title of dental assistant but she was routinely asked to do various tasks outside of that role. Plaintiff Rita Moreno asserts that she was paid at an initial hourly rate of $14.00 dollars per hour who worked typically in excess of 50 hours per workweek but was only paid for 39 hours of work per workweek on a biweekly basis.

**Defendants' Defenses**

Defendants' defenses included:

a.   Plaintiffs' claims are barred to their violations of the faithless servant doctrine, breach of duty of loyalty and/or breach of fiduciary duties.
b.   The claims are barred as to all hours allegedly worked of which Defendants lacked actual or constructive knowledge.
c.   The hours allegedly worked by Plaintiffs that were not reported in accordance with any applicable policies or procedures.

  d.  Any violation of law, if proven, was not willful, and therefore Plaintiffs' FLSA claims are time-barred since they are not entitled to a three (3) year statute of limitations.

  e.  Plaintiffs are not entitled to liquidated damages because Defendants' actions regarding payroll practices and compliance with the FLSA and NYLL were in good faith and Defendants had a reasonable basis for believing their actions complied with the FLSA and NYLL.

  f.  Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands and estoppel.

  g.  Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments, or offsets permissible under the FLSA and/or NYLL.

**The Settlement Agreement is Reasonable**

The Settlement Agreement – attached to this letter as Exhibit A – has been executed by all parties and is submitted for the Court's approval in accordance with *Cheeks v. Freeport Pancake House*, 769 F.3d 199 (2d Cir. 2015).

In determining whether the Settlement Agreement is fair and reasonable, courts consider the following factors: (1) the plaintiffs' range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the party; (4) whether the settlement agreement in the product of arms-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *See, e.g., Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). As demonstrated below, each of these factors weighs decidedly in favor of approving the Settlement Agreement as fair and reasonable.

  **A.**  **Possible Range of Recovery**

Under the terms of the Settlement Agreement, Defendants will pay Plaintiffs total sum of $65,000 within 30 days of this Court's approval of the Settlement Agreement. *See* Ex. A Section 4 (a) and (c). This amount is fair and reasonable considering that Plaintiffs face a large range of possible recovery. Indeed, the trial of this Action was scheduled for April 15, 2024 (Doc. 84) and Plaintiffs' damages calculations were added to the parties' proposed pre-trial order (Doc. 91 at 13). However, Defendants' set forth several affirmative defenses, including the faithless servant doctrine, which may have been a complete defense to Plaintiffs' claims.

  **B.**  **Avoiding the Burdens, Costs and Risks of Further Litigation**

As set forth above, Plaintiffs face significant risk in litigation. Defendants have asserted potentially complete defenses to Plaintiffs' claims, including a pending motion for sanctions (Doc. 73). This is a case where there is a complete disagreement over the basic fact of the number of hours worked, which creates a level of uncertainty for Plaintiffs' recovery. *See, e.g.*, *Yunganaula v. D.P. Group General Contractors/Developers Inc.*, 2023 WL 2707024, at *5 (E.D.N.Y. Mar. 30,

2

2023) (settlement for 28% of net total of compensatory damage was reasonable given the risks of litigation where there was a disagreement over the number of hours worked); *Sanchez v. DPC New York Inc.*, 381 F. Supp. 3d 245, 250 (S.D.N.Y. 2019) (holding that a settlement for 19% of possible recovery reasonable given the risks of litigation).

### C. The Settlement Agreement is the Result of Adversarial Litigation and Arms-Length Bargaining

The Settlement Agreement is the result of adversarial litigation and arm's-length bargaining between experienced counsel. All parties are represented by experienced counsel and have exchanged discovery, participated in depositions, settlement conference before Magistrate Reznik and expended numerous hours preparing for trial. *See, e.g.*, *Lligiochuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013), *quoting Aponte v. Comprehensive Health Mgmt., Inc.*, 2013 WL 1364147, at *4 (S.D.N.Y Apr. 2, 2013) ("[C]ourts typically regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of a settlement."). Moreover, because Plaintiffs are no longer employed by Defendants, there is no risk of coercion being exerted against their will to sign the Settlement Agreement. *See Straus v. Little Fish Corporation*, 2020 WL 4041511, at *4 (S.D.N.Y. Jul. 17, 2020) ("[B]ecause Plaintiff is no longer employed by Defendants, the risk of coercion – a concern in other cases – is minimal to non-existent.").

### Attorneys' Fees

It is customary for courts to review attorneys' fees as part of a court's review of a settlement agreement's reasonableness. *See, e.g.*, *Bondi v. DeFalco*, 2020 WL 2476006, at *6 (S.D.N.Y. May 13, 2020). Importantly, courts within the Second Circuit routinely approve settlement agreements that provide for an award of one-third of the gross settlement sum. *See, e.g., id.* at *7; *Garcia v. Atlantico Bakery Corp.*, 2016 WL 3636659, at *1 (S.D.N.Y. June 29, 2016) ("[O]ne-third of the total award is the customary contingency percentage in FLSA cases."). Here, in accordance with well-settled authority, the Settlement Agreement provides for an award of one-third of the gross settlement sum.

### Mutual General Release

The parties' inclusion of a mutual general release in the Settlement Agreement serves as no bar to approval. This is because neither Plaintiff is currently employed by any of the Defendants and courts have routinely found agreements with such provisions fair and reasonable pursuant to *Cheeks*. *See, e.g., Grullon v. Justin Pharmacy Inc.*, 2021 WL 76386, at *3 (S.D.N.Y. Jan. 8, 2021) (when the plaintiff is a former employee with no ongoing relationship with the employer, courts in this District have approved a general release, if the release is mutual), *citing Strauss v. Little Fish Corp.*, 2020 WL 4041511, at *5-6 (S.D.N.Y. July 17, 2020) ("Such a broad mutual general release operates as a walk away provision: it permits each side to terminate their relationship entirely free from fear that the other will re-engage in the form of a lawsuit.") (citing cases); *Small v. Stellar Mgmt. Ltd.*, 2020 WL 7890748, at *1 (S.D.N.Y. Oct. 21, 2020) ("In the present case, the Court finds that mutual general releases are acceptable because Plaintiff no longer works for

Defendant; Plaintiff was represented by experienced counsel; and the release, although it extends to individual and entities other than Defendants, does so only to the extent that such persons or entities are acting on behalf of or in privity with Defendants and to claims arising from their activities as such"); *Khan v. Young Adult Inst., Inc.,* 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) ("General releases are permissible in FLSA settlements where plaintiff is no longer employed by defendants, the releases were negotiated by competent counsel for both sides and the releases are mutual."); *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP,* 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) ("[T]here is nothing inherently unfair about a release of claims in an FLSA settlement"); *Chun Lan Guan v. Long Is. Bus. Institute, Inc.*, 2020 WL 1289517, at *3 (E.D.N.Y. Mar. 18, 2020) ("there is nothing inherently unfair about a release of claims in an FLSA settlement" and finding that the mutual releases of claims in the Settlement Agreements are fair and reasonable, and do not run afoul of the FLSA's purpose of preventing abuse by employers upon applying the *Wolinsky* factors); *Burgos v. Northeast Logistics, Inc.*, 2018 WL 2376481, at *6 (E.D.N.Y. Apr. 26, 2018), *report and recommendation adopted*, 2018 WL 2376300 (E.D.N.Y. May 24, 2018) (finding that the release satisfies the two conditions under which some courts typically approve of mutual general releases, but requiring parties to revisit an aspect of the release which is asymmetrical in order to receive approval).

Moreover, Defendants were to initiate claims against Plaintiffs, *inter alia*, breach of the duty of loyalty, faithless servant, defamation, and tortious interference with economic advantage, had the parties not agreed on settlement terms.

Accordingly, the mutual release provision should not result in a finding that the Settlement Agreement is unfair or unreasonable.

For all these reasons, the parties respectfully submit that the Settlement Agreement is fair and reasonable and should be approved.

We thank the Court for its consideration.

Respectfully submitted,

/s/ Adam Sherman
   Adam Sherman


cc:    all counsel of record (via ECF)